IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2002 Session

## ELIZABETH E. PETTY v. STATE OF TENNESSEE

**Direct Appeal from the Claims Commission of the State of Tennessee**
**No. 96001482     Hon. Vance W. Cheek, Judge**

**FILED MARCH 18, 2002**

**No. E2001-02124-COA-R3-CV**

In this action, the Commission found no contract between the parties and dismissed the claim. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Claims Commission Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Jerrold L. Becker and Samuel W. Brown, Knoxville, Tennessee, for Appellant.

Ronald C. Leadbetter, Associate General Counsel, The University of Tennessee, Knoxville, for Appellee.

**OPINION**

In this contract action, the Trial Court granted the State summary judgment on plaintiff's contract claim against the University of Tennessee.

Plaintiff alleged that the University breached its contract with her, which she contends is embodied in the UT Undergraduate Catalog, by denying her progression in the Interior Design program, although she had met requirements for progression listed in the catalog. The State filed a Motion for Summary Judgment, with affidavits from professors and portions of plaintiff's discovery deposition. Plaintiff responded by filing a portion of her deposition, wherein she testified that she was told by "Miriam", the President of Academic Affairs, that she was denied progression because the program's accreditation was in trouble and they needed to reduce their student/faculty

ratio. Petty admitted that she was not dismissed from the University, but was simply denied progression in this particular program.

The Claims Commissioner, in granting summary judgment, found that Tenn. Code Ann. §9-8-307(a)(1)(L) required a written contract signed by a state official, and there was no contract in the record.

Tenn. Code Ann. §9-8-307 confers jurisdiction on the Tennessee Claims Commission to entertain monetary claims against the State based upon certain specified causes of action. Tenn. Code Ann. §9-8-307(a)(1)(L) states that the Commission has jurisdiction to determine a monetary claim against the State based upon "[a]ctions for breach of a written contract between the claimant and the state which was executed by one (1) or more state officers or employees with authority to execute the contract".

Plaintiff alleges that she has a written contract with the University of Tennessee which is embodied in the student catalog. She relies upon the unreported opinion of this Court in *Lesure v. State*, 1990 WL 64533 (Tenn. Ct. App. May 18, 1990), wherein this Court held that the catalog of Tennessee State University constituted a contract pursuant to Tenn. Code Ann. §9-8-307(a)(1)(L). Reliance on the *Lesure* case is misplaced, because the catalog at issue in *Lesure* expressly stated that its provisions constituted a contract between the university and the student, and the University of Tennessee catalog at issue does not.[1] Moreover, the *Lesure* case was decided when a prior version of Tenn. Code Ann. §9-8-307(a)(1)(L) was in effect, which merely required the action to be founded upon "any express contract or breach thereof" but did not require the contract to be written and signed by an authorized officer or employee. Thus, the *Lesure* case is not applicable.

Finally, plaintiff seeks to bolster her argument that a written contract existed by stating that the University's catalog, in conjunction with her transcript of grades which contains the signature of the registrar, satisfies the requirements of Tenn. Code Ann. §9-8-307(a)(1)(L). The transcript, however, does nothing more than report the grades which plaintiff earned in her course work. We find no language in the transcript which would constitute the terms of a contract.

As the Supreme Court observed in *Johnson v. Central Nat'l Ins. Co.*, 356 S.W.2d 277, 281 (Tenn. 1962):

> While a contract may be either expressed or implied, or written or oral, it must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced.

---

[1]In fact, the UT catalog contains a statement which tells a student that its provisions are constantly under review and are subject to change at any time, and that they should not be relied upon.

The transcript does not contain any definite terms to be enforced, and does not result from a meeting of the minds. Reading it in conjunction with the catalog is of no consequence, since the catalog explicitly sets forth that its terms are subject to change without notice, and that it should not be relied upon.

We hold that plaintiff has failed to satisfy the requirements of Tenn. Code Ann. §9-8-307(a)(1)(L), and we affirm the Commissioner's Order dismissing this action.

The cost of the appeal is assessed to Elizabeth E. Petty.

_____
HERSCHEL PICKENS FRANKS, J.